UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NORTH AMERICAN CAPACITY**
**INSURANCE COMPANY,**

    **Plaintiff,**

vs.                                                    Case No.: **8:12-cv-02860-T-27AEP**

**C.H. et al.,**

    **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is the Motion to Dismiss Plaintiff's First Amended Consolidated Complaint for Declaratory Relief filed by Defendant C.H. (Dkt. 25). Dent and Rae joined in the motion (Dkt. 26). Plaintiff has responded in opposition (Dkt. 27). Upon consideration, the motion(s) (Dkts. 25, 26) are **GRANTED**.

### INTRODUCTION

In an underlying state court case, C.H. sued Andrew Rae III and John C. Dent, the personal representative of the Estate of Dialyn Rae,[1] for sexual abuse suffered by her daughter, S.C., at the hands of the Raes' son, Andrew Rae IV. After being served, Dent and Rae filed a claim with North American Capacity Insurance Company ("NAC") under a policy purchased by the Raes from a predecessor in interest to NAC. The policy contained a liability sublimit of $50,000 for sexual abuse or molestation. After an initial review, NAC denied the claim, but agreed to provide a defense under a reservation of rights. After a four-day trial, the jury found Dent and Rae liable and awarded C.H.

---

[1] Andrew Rae III and Dialyn Rae were married.

1

$6,255,340 in damages.[2] Dent and Rae filed a motion for new trial and remittitur,[3] which was denied on March 20, 2013.[4] No notice of appeal was filed, and the verdict was eventually reduced to a judgment against Dent and Rae on August 2 (Dkt. 30).[5]

On December 19, 2012, six days after the verdict, NAC filed this declaratory judgment action ("The NAC Case") seeking a declaration that (1) there is no coverage under the policy and NAC therefore has no duty to indemnify the Raes for the judgment, and (2) NAC did not commit bad faith in handling the Raes' underlying claim and defense. Following the filing of the NAC complaint, C.H. filed a post-verdict motion in the underlying state court action seeking to join NAC as a defendant pursuant to Florida's nonjoinder statute, § 627.4136(4), *Florida Statutes*.[6] C.H. amended the motion on February 1, 2013, adding a request to amend the state court complaint to "seek a declaration of coverage and for common law insurance bad faith" (Dkt. 9-10). NAC moved to intervene in the underlying state court action for the limited purpose of opposing C.H.'s motion.

On March 14, 2013, after this action was filed and after C.H. moved for leave to file a declaratory judgment in the underlying state court action, Dent and Rae filed a separate lawsuit in state court against NAC and C.H. seeking a declaration that the NAC policy provided coverage (Count I) and asserting a claim for common law bad faith against NAC (Count II).[7] NAC removed

---

[2] The jury rendered the verdict on December 13, 2012. *See* Online Case Docket for Case No. 41 2010-CA-002532, Dkt. 179 (Fla. 12th Jud. Cir.), *available at* http://www.manateeclerk.org/Home/tabid/57/Default.aspx. *See also Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010) (approving district court's decision to take judicial notice of online case docket).

[3] *See* Online Case Docket for Case No. 41 2010-CA-002532, *supra* note 2, at Dkts. 185, 186, 200.

[4] *See* Online Case Docket for Case No. 41 2010-CA-002532, *supra* note 2, at Dkt. 207.

[5] *See* Online Case Docket for Case No. 41 2010-CA-002532, *supra* note 2, at Dkt. 229.

[6] *See* Online Case Docket for Case No. 41 2010-CA-002532, *supra* note 2, at Dkt. 187.

[7] *See Dent et al. v. N. Am. Capacity Ins. Co. et al.*, Case No. 2013-CA-001686 (Fla. 12th Jud. Cir.).

that action to this court on May 2, 2013. *See Dent v. N. Am. Capacity Ins. Co.*, Case No. 8:13-cv-1183-JDW-EAJ (M.D. Fla.) ("The Dent Case").

The Dent Case was consolidated with the NAC Case on May 20 pursuant to Local Rule 1.04(b). NAC then filed its First Amended Consolidated Complaint (Dkt. 23) against C.H., the Estate of Dialyn Rae, and Andrew Rae III seeking (1) a declaratory judgment that NAC has no duty to indemnify Rae and the Estate for the verdict obtained by C.H., and (2) a declaratory judgment that NAC did not act in bad faith during its handling of the claim and defense of the Raes.

On August 2, 2013, the state circuit court conducted a hearing to address C.H.'s motions for leave to join NAC and to amend the complaint to include the coverage and bad faith claims, ultimately denying each (*see* Dkt. 30).

Prior to the state court hearing, however, C.H., Dent, and Rae moved to dismiss the First Amended Consolidated Complaint in this action for two reasons. First, they argue that the complaint should be dismissed for lack of subject-matter jurisdiction because the amount in controversy requirement of 28 U.S.C. § 1332(a) is not satisfied. Second, they argue that even if subject-matter jurisdiction exists, the action should be dismissed in favor of the underlying state court action. This Court deferred ruling on the motions pending the state court hearing. After the state court's decision, the parties filed a Joint Notice discussing the impact of the decision on the status of this case and the pending motions to dismiss (Dkt. 30).

## DISCUSSION

Defendants argue that this case must be dismissed for lack of subject-matter jurisdiction because at the time the NAC Case complaint was filed, a bad faith claim against NAC was speculative and contingent upon the state court entering a judgment in the underlying case and Dent

and Rae seeking and obtaining a favorable coverage determination.

The Declaratory Judgment Act, 28 U.S.C. § 2201, specifically provides that a declaratory judgment may be issued only in the case of an "actual controversy." The continuing controversy submitted to the court "may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1347 (11th Cir. 1999); *see Golden v. Zwickler*, 394 U.S. 103 (1969) ("Basically, the question in each case is whether . . . there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.").

When the NAC Case complaint, the Dent Case notice of removal, and the First Amended Consolidated Complaint were filed, the state court had not yet entered final judgment against Dent and Rae and no coverage determination had been made. A cause of action for third-party bad faith cannot be maintained without a final judgment in excess of the policy limits and a coverage determination in favor of the insureds. *GEICO Gen. Ins. Co. v. Harvey*, 109 So. 3d 236, 239 (Fla. 4th DCA 2013) (emphasis added) (citing *Cunningham v. Standard Guar. Ins. Co.*, 630 So. 2d 179, 181 (Fla. 1994)); *see Cunningham*, 630 So. 2d at 181 ("[A]n excess judgment is an element of a bad-faith claim."); *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000) (holding that a bad faith claim is premature and should be dismissed where the issues of liability and the extent of coverage under the policy are unresolved); *Md. Cas. Co. v. Alicia Diagnostic, Inc.*, 961 So. 2d 1091, 1092 (Fla. 5th DCA 2007) ("Under Florida law, it is inappropriate to litigate a bad faith claim . . . until after any underlying coverage dispute is resolved."). *See also Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.*, 945 So. 2d 1216, 1235 (Fla. 2006) ("[A] claim arising from bad faith is grounded

upon the legal duty to act in good faith, and is thus separate and independent of the claim arising from the contractual obligation to perform.").

At the time of filing or removal,[8] the bad faith causes of action in the NAC Case, the Dent Case, and the consolidated case remained contingent on the state court entering a final judgment and the parties resolving the coverage issue. Because the question of bad faith was contingent on future, speculative events, a declaratory judgment action addressing that question did not present an "actual controversy" sufficient to maintain jurisdiction. The Court therefore lacks subject-matter jurisdiction over Count II of the First Amended Consolidated Complaint seeking a declaratory judgment as to bad faith. *See Coffman v. Breeze Corp.*, 323 U.S. 316, 324 (1945) (The Declaratory Judgment Act "may not be made the medium for securing an advisory opinion in a controversy which has not arisen.").

The state court's subsequent reduction of the verdict to a judgment does not create an actual controversy over which this Court has jurisdiction. Whether a court has subject-matter jurisdiction over a matter is evaluated at the time the case is filed or removed. "It has long been the case that 'the jurisdiction of the court depends on the state of things at the time of the action brought.'" *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824)). This "time-of-filing rule" requires measurement of all challenges to subject-matter jurisdiction premised upon diversity of citizenship "against the state of facts that existed at the time of filing–whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." *Id.* at 571. *Accord Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("[W]e assess jurisdictional facts at the time of removal."). For example, if parties

---

[8]Subject-matter jurisdiction is evaluated at the time of filing or removal. *See infra.*

are diverse at the time the complaint is filed or removed, federal diversity jurisdiction is not defeated if one of the parties becomes a citizen of the same state as the opposing party during the course of litigation. *See Anderson v. Watt*, 138 U.S. 694 (1891); *E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154, 163-64 (2d Cir. 2001) (citing *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 163 (2d Cir. 1987)). It follows that the subsequent reduction of a verdict to a final judgment cannot satisfy subject-matter jurisdiction requirements that were absent at the time of filing.

Lacking jurisdiction over Count II of the First Amended Consolidated Complaint, the amount in controversy in Count I must be greater than the diversity jurisdiction threshold. An action seeking a declaratory judgment as to coverage on a policy with an applicable limit of less than $75,000 does not satisfy the amount-in-controversy requirement. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003) (dismissing declaratory judgment action for lack of subject-matter jurisdiction where the policy at issue had a $50,000 limit and plaintiff did not place a fixed value on a bad faith claim brought contemporaneously); *N.H. Indem. Co. v. Scott*, No. 8:11-cv-942-T-23MAP, 2012 WL 6537098, at *2-3 (M.D. Fla. Dec. 14, 2012) ($10,000 limit on policy at issue was the amount in controversy, even where insurer was prosecuting the declaratory judgment action to prevent a "potential" bad faith action, in which insurer might be held liable for the $69 million excess judgment).

The parties agree that the amount in controversy with regard to Count I is only $50,000 due to the applicable policy sublimit for sexual abuse or molestation. Count I (and consequently the entire case) is therefore due to be dismissed for lack of subject-matter jurisdiction.

Accordingly,

1) The Motion to Dismiss Plaintiff's First Amended Consolidated Complaint for Declaratory

Relief (Dkt. 25) and Dent and Rae's Notice of Joinder in C.H.'s Motion to Dismiss Plaintiff's First Amended Consolidated Complaint for Declaratory Relief (Dkt. 26) are **GRANTED**.

2) This case is **DISMISSED** *without prejudice*. The Clerk is directed to **CLOSE** the file.

**DONE AND ORDERED** this 19th day of September, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record